**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **JESSICA R. STEELE,** | * |
| **Plaintiff,** | * |
| **v.** | * |
| **SAILING VESSEL "POLARIS,"** | * |
| *Official Number 631121, IMO#RSL44017M8,* | *      **Case No.: GJH-19-3314** |
| *laying in her slip at 900 Swan Creek Road,* | |
| *Ft. Washington, MD 20744, and her engines,* | * |
| *tackle, equipment, furniture, and all other* | |
| *necessaries thereunto appertaining and* | * |
| *belonging, in rem* | |
| | * |
| **MARK WILLIAM STEELE,** *et al.* | * |
| **Defendants.** | |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jessica R. Steele, proceeding *pro se*, has brought this action against Defendant Sailing Vessel "Polaris," Defendant Mark William Steele ("Defendant Steele"), and Defendant Alyssa Tantallon, LLC ("Defendant Tantallon"), pursuant to 28 U.S.C. § 1333, Supplemental Rule D for Admiralty and Maritime Claims, and Rule 9(h) of the Federal Rules of Civil Procedure. ECF No. 9 ¶ 4. At Plaintiff's request, this Court issued an Order of Issuance of Process in Rem (Warrant) for the Arrest of the Sailing Vessel "Polaris," authorizing the United States Marshals Service to seize the vessel located in Ft. Washington, Maryland. ECF No. 14. Via separate Order Appointing Substitute Custodian, this Court appointed Coan River Marina, LLC, as substitute custodian of the property. ECF No. 13. Defendant Tantallon then filed an Emergency Motion for Release from Arrest of Sailing Vessel "Polaris," ECF No. 16, which the

Court granted, ordering the vessel to be released from arrest and returned to Defendant

Tantallon, ECF Nos. 24 & 25.

When Plaintiff attempted to return the vessel on January 26, 2021, she was informed that

Defendant Tantallon would not accept the vessel. ECF No. 27. Plaintiff emailed counsel for

Defendant Tantallon regarding the refusal, and counsel responded that Defendants believed an

inspection should be performed in connection with the vessel's return. ECF No. 31-2 at 1. A

Zoom teleconference was held on February 17, 2021, during which the parties disputed whether

an inspection should be required as a precondition to the vessel's return. The parties filed

supplemental briefing on the question on March 1, 2021. ECF Nos. 30, 31. Based on those

filings and the parties' arguments during the teleconference, on April 2, 2021, the Court ordered:

> Because (i) there has not been an accident or other event involving the vessel; (ii) Defendants have not articulated why an inspection must be performed where the vessel is currently docked, rather than at Alyssa Tantallon, LLC; (iii) and Defendants have not shown that an inspection must be performed prior to the vessel's return, rather than after, the Court will not require inspection as a condition of return. The Court thus orders that Plaintiff promptly return the vessel—and that Defendants accept the vessel's return.

ECF No. 32.

On April 13, 2021, Defendant Tantallon filed a Motion for Civil Contempt, arguing that

Plaintiff had violated the Court's April 2 Order by failing to return the vessel and requesting

"fees incurred in coercing obedience to this court's order." ECF No. 34; *see also* ECF No. 33.

Plaintiff responded on April 27, 2021, informing the Court that the vessel had been returned that

morning and stating, "[t]he return has been arranged as promptly as possible given that the

boating season is now in full swing and the boating professionals involved in the boat's return

are much busier than they were in January[.]"[1] Plaintiff not only asked the Court to deny

Defendant's Motion for Contempt, but also requested Rule 11 sanctions based on the Motion.

---

[1] Plaintiff's response has not been filed on the docket.

*See* Fed. R. Civ. P. 11(b)(1) (allowing for sanctions if a pleading is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). Defendant replied on April 28, 2021. ECF No. 35.

The Court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)); *see also United States v. United Mine Workers of America*, 330 U.S. 258, 303–04 (1947). Civil contempt is an appropriate sanction if a party violates an order of this Court which "set[s] forth in specific detail an unequivocal command." *Id.* (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)); *see also Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991) ("[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous."). "To establish civil contempt, a movant must show by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) the decree was in the movant's favor; (3) the alleged contemnor by its conduct violated the terms of the decree and had knowledge (at least constructive) of such violation; and (4) the movant suffered harm as a result." *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'ship*, 608 F. App'x 130, 131 (4th Cir. 2015) (citing *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004)). "The appropriate remedy for civil contempt is within the court's broad discretion[.]" *Id.*

Plaintiff did not clearly violate the Court's April 2 Order. The Order required the vessel to be returned "promptly" but did not specify a particular time frame in which this needed to occur. Plaintiff's return of the vessel after 25 days stretches the Court's instruction to return it "promptly" to its outer limit, but it does not clearly violate an unambiguous command, and thus

civil contempt is inappropriate. Moreover, in the broader context of this dispute, the 25-day delay appears less significant. Indeed, the parties' held off of the vessel's return for more than a month after the Court's original order on December 21, 2020, in order to engage in settlement discussions, and when they ultimately decided to proceed with its return in January, Defendant Tantallon refused to accept it, instead involving the Court in a dispute over a pre-return inspection and causing further delay. Moreover, Defendant Tantallon has not demonstrated that the delay caused any losses or damages. To the contrary, Plaintiff incurred the additional costs of storage. Accordingly, Defendant's request for sanctions is denied.

However, Plaintiff has not shown that Defendant filed the Motion "for any improper purpose," Fed. R. Civ. P. 11(b)(1)—while the Court concludes that Plaintiff's delay in returning the vessel did not violate a clear order, the fact remains that, ten days after the Court ordered its prompt return, the vessel had not been returned. Therefore, and in the absence of any evidence to the contrary, the Court finds that Defendant's Motion was properly filed to encourage compliance with the April 2 Order and not for an improper purpose.

Additionally, the Court denies Plaintiff's associated request that opposing counsel "contact and confer with [her] (2 emails and one virtual meeting at a minimum) before making any further motions." While conferring prior to filing specific types of motions is required under the Federal Rules of Civil Procedure and this District's Local Rules, it is not required prior to filing *any* motion, and the Court will not impose such a requirement here.

For the reasons stated herein, it is hereby ordered by the United States District Court for the District of Maryland that:

1.  Defendant's Motion for Civil Contempt, ECF No. 34, is **DENIED**;

2.  Plaintiff's Motion for Sanctions is **DENIED**; and

3.  The parties shall file a joint status report within 7 days regarding next steps, if any, in this litigation.


Date: <u>October 26, 2021</u>                    <u>   /s/                              </u>
                                                GEORGE J. HAZEL
                                                United States District Judge